IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN R. MUSHINSKI, Individually, and as Next of friend of Bradley Mushinski, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-3749 |
| LLOYD AND BOUVIER, INC., *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

Kenmor Electric Company, L.P. has moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, based on the fact that the first amended complaint alleges that the five different defendants are liable for defectively designing, marketing, and manufacturing the "dancer" wire-manufacturing machine that allegedly injured plaintiff's arm, rather than alleging which defendant did what. (Docket Entry No. 37).

Federal Rule of Civil Procedure 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) must be read in connection with Rule 8, which sets pleading requirements. Rule 8(a) requires that a pleading contain (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends"; (2) "a short and

plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for judgment." FED. R. CIV. P. 8(a). The complaint informs the defendant as to the general nature of the action and as to the incident out of which a cause of action arose; discovery apprises the parties of the factual basis of the claims made in the pleadings. Rule 12(e) is designed to remedy unintelligible pleadings, not to correct for lack of detail. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

In their amended complaint, plaintiffs use the term "defendants" to refer to all five defendants named in the complaint. Kenmor argues that plaintiffs must clearly identify which of their allegations and claims apply to which defendant in this multidefendant suit. Kenmor does not, however, argue that the complaint is ambiguous. Plaintiffs consistently use the term "defendants" to mean all defendants. Every time the term is used, it applies to Kenmor as well as other defendants. Kenmor disputes that it did or could have committed most – or perhaps all – of the acts and omissions alleged, but there is no ambiguity as to which acts or omissions are alleged against Kenmor. Courts generally decline to issue a Rule 12(e) order absent ambiguity as to who is included in the term "defendants." *See Sphere Drake Ins. PLC v. Gainsco County Mutual Ins. Co.*, 273 F.3d 1100, at *2 (5th Cir. Aug. 21, 2001) (unpublished opinion) (explaining that plaintiff's "general" allegations, "[m]ost reasonably construed, [suggest] that the claimants are alleging facts against all defendants as a convenient shorthand in lieu of redundantly re-alleging the same facts against each defendant by name"); *CoExist, LLP v. Cafeexpress.com*, No. 05-0673, 2006 WL 120183 (S.D. Ind. Jan. 17, 2006) (denying motion for more definite statement when complaint

referred to "Defendants collectively throughout, instead of specifying which Defendant [was] accused of what" because one could reasonably infer that the complaint accused multiple defendants of similar acts); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods Liability Litigation*, 233 F.R.D. 133, (S.D.N.Y. 2005) (denying motion for more definite statement because defendant "was clearly notified of the nature of [plaintiff's] claims" despite collective use of word "defendants"); *Tagare v. NYNEX Network Sys. Co.*, 921 F. Supp. 1146, 1153 (S.D.N.Y. 1996) (denying motion for more definite statement because no ambiguity in the complaint; when plaintiff "employ[ed] the term 'defendants' he [was] referring to all of the defendants named in the Complaint").

Kenmor has not shown a basis for a Rule 12(e) order. "The fact that plaintiff attributes acts to 'defendants' as a group does not render the Complaint so vague and ambiguous as to be unintelligible." *Tagare*, 921 F. Supp. at 1153; *see also Dunlop-McCullen*, 1994 WL 478495, at *2 ("[T]here is nothing inherently objectionable, at least for purposes of evaluating a Rule 12(e) motion, about naming three defendants, two statutes and five events in one paragraph as long as defendants will be able to adequately respond."). The practice of "referring to multiple defendants as 'defendants' for the purpose of common allegations" is an "accepted convention." *Sphere Drake*, 273 F.3d 1100, at *2.

Kenmor's motion is denied.

SIGNED on February 27, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3